Gaston, Judge.
The difficulty in this case is to understand the entry on the record of the County Court upon the rendition of the verdict at the May Term, 1837. “The defendant is entitled to a credit to be ascertained by M. Ferrall and J, EL Simmons, and the Clerk is then authorised to enter *54 a remittitur; judgment of the Court accordingly, and for costs.” ft insisted on the part of the plaintiffs that the fair interpretation of it is that judgment was then rendered for the amount of the verdict and costs of suit, with an agreement to credit the judgment with an amount which had not been credited in taking the verdict, and which was to be ascertained by M. Ferrall and J. H. Simmons. By the^efendant it is insisted that no judgment was then rendered, because the balance for which a judgment ought to be rendered had not been ascertained — that the amount of the plaintiffs’ claim W’as indeed ascertained by the verdict, but that of the defendant’s credit was to be ascertained by reference — and that on the report of these referrees of the amount oftlvs credit, then that the Clerk was to enter a remittitur of so much of the damages as were found by the verdict, and a judgment accordingly for the balance, and the costs. — One cannot be certain which of these constructions is the true one — but the Court is inclined to adopt the latter. The words “judgment of the Court accordingly and for costs,” are not found in their proper place, if the former were the meaning of the parties, it would have been natural under that'sense of the agreement to have entered them immediately after the verdict, and before the reference. Besides a “remittitur” is the appropriate term for a relinquishment of part of damages found by a verdict before entry of a judgment, and not for a credit on the judgment itself. And the words “judgment accordingly,” by-the grammatical structure of the sentence would seem to be governed by the phrase “ authorised to enter.”
We have said that the interpretation of this entry is the only matter of doubt. For if the plaintiff’s construction were right, we hold unhesitatingly that the County Court had not the power at a succeeding term to set aside a judgment thus regularly entered. If the defendants construction be right then no judgment was rendered at that term, and the Court had power at the succeeding term, upon satisfactory cause shewn, to set aside what was called a judgment, but was in truth an agreement for a judgment which had not yet been rendered, and ordering a new trial. The motion is regarded as made at the next or August Term, because though moved at the February Term, 1838, it was under the agreement of *55 the parties that they were to be severally remitted to their rights as of the August Term, 1837. ■
If the County Court had the power .to make the order appealed from, the Superior Court acted' -erroneously in reversing it, for the latter could not supervise the discretion of the former in making the order. We háve no doubt but that the Superior Court did not attempt to control that discretion, but acted upon the ground of a supposed excess of authority in the County Court.- The judgment of the Superior Court must be reversed with costs.'
Per Curiam. Judgment reversed. ■